IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| TERRANCE DUNN, # 2077990,    § | |
|     PLAINTIFF,    § | |
| § | |
| V.    § | CASE NO. 3:18-CV-2300-B-BK |
| § | |
| MICHAEL HERNANDEZ, ET AL.,    § | |
|     DEFENDANTS.    § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order* 3, this civil action was referred to the United States magistrate judge for pretrial management, including a recommended disposition. As detailed below, this action should be **DISMISSED WITH PREJUDICE** for failure to prosecute and to comply with court orders.

On August 31, 2018, Plaintiff was ordered to pay the $400.00 filing fee or submit an application to proceed *in forma pauperis* with the required certificate of inmate trust account. Doc. 4. Because Plaintiff did not comply, the Court, in the interest of justice, *sua sponte* extended the deadline to November 26, 2018. Doc. 5. Subsequently, on Plaintiff's request, the Court further extended the deadline for compliance to January 17, 2019, and contemporaneously denied Plaintiff's motion for appointment of counsel. Doc. 6; Doc. 7. Both orders advised Plaintiff of his duty to comply and warned that his failure to do so could result in dismissal. Doc. 5; Doc. 7. However, as of the date of this recommendation, Plaintiff has neither complied with the Court's orders, nor sought an extension of time to do so.

Rule 41(b) of the Federal Rules of Civil Procedure allows a court to dismiss an action *sua sponte* for failure to prosecute or for failure to comply with the federal rules or any court order. *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998). "This authority flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962)).

Generally, such dismissal is without prejudice. However, when, as here, a litigant may be barred by the statute of limitations from re-asserting his claims, a Rule 41(b) dismissal is tantamount to a dismissal with prejudice and the court is required to apply a higher standard of review. *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992). In that instance, the court may dismiss for want of prosecution only when there is a clear record of delay or contumacious conduct by the plaintiff, and lesser sanctions would not prompt diligent prosecution or the record shows that the district court employed lesser sanctions that proved to be futile. *Id.* In applying this higher standard, the court must find "at least one of three aggravating factors: '(1) delay caused by [the] plaintiff himself and not his attorney; (2) actual prejudice to the defendant; or (3) delay caused by intentional conduct.'" *Id.*; *see also Nottingham v. Warden, Bill Clements Unit*, 837 F.3d 438, 441 (5th Cir. 2016) (same).

Those requisites are met here. This case has been pending for more than four months and, despite two extensions, Plaintiff has failed to comply with the Court's order to pay the $400.00 filing fee or submit a motion to proceed *in forma pauperis*. Since Plaintiff is representing himself, the delay caused by his non-compliance is attributable to him alone. *See Berry*, 975 F.2d at 1191. Plaintiff's request for a second extension clearly demonstrates that he was well aware of his obligation under the Court's order. Doc. 6. Moreover, in light of

Plaintiff's failure to pay the filing fee or submit an *in forma pauperis* motion, no lesser sanction will prompt diligent prosecution of this case. Indeed, the case cannot proceed further absent payment of the filing fee or a motion to proceed *in forma pauperis*.

Under these circumstances, the Court should exercise its discretion to dismiss under Rule 41(b), even if limitations may prevent further litigation of Plaintiff's claims. *See Nottingham*, 837 F.3d at 441 (no abuse of discretion where the district court applied higher standard of review and dismissed *pro se* civil rights action due to plaintiff's intentional noncompliance with court orders); *Bryson v. United States*, 553 F.3d 402, 404 (5th Cir. 2008) (per curiam) (same as to a habeas petition).

For the foregoing reasons, this action should be **DISMISSED WITH PREJUDICE** for failure to comply with a court order and for want of prosecution. *See* FED. R. CIV. P. 41(b).

**SO RECOMMENDED**, January 29, 2019.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

3

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). To be specific, an objection must identify the finding or recommendation to which objection is made, state the basis for the objection, and indicate the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).